IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| MARGARITO MAULEON, | HONORABLE PETER G. SHERIDAN |
|---|---|
| Petitioner, | |
| v. | Civil Action No. 17-3181 (PGS) |
| WILLIE BANKS, et al., | OPINION |
| Respondents. | |

APPEARANCES:

JOSEPH D. CORONADO, Ocean County Prosecutor
ROBERTA DIBIASE, Supervising Assistant Prosecutor
Ocean County Prosecutor's Office
119 Hooper Avenue
Toms River, New Jersey 08753
Attorneys for Respondent Willie Banks

**SHERIDAN, U.S. District Judge:**

# I. INTRODUCTION

Before the Court is Respondent State of New Jersey's motion to dismiss Margarito Mauleon's petition for writ of habeas corpus as untimely. (ECF No. 6). Petitioner did not file any opposition to the motion. For the reasons stated herein, the Court will dismiss the petition as time-barred, and no certificate of appealability will issue. Petitioner shall have 30 days to submit any arguments as to why he should be given the benefit of equitable tolling.

# II. BACKGROUND

An Ocean County jury convicted Petitioner of first-degree attempted murder, N.J. STAT. ANN. § 2C:11-3, 2C:5-1; second-degree possession of a firearm for an unlawful purpose, N.J. STAT. ANN. § 2C:39-4(a); third-degree aggravated assault, N.J. STAT. ANN. § 2C:12-1(b)(2);

fourth-degree aggravated assault, N.J. STAT. ANN. § 2C:12-1(b)(4); third-degree unlawful possession of a weapon, N.J. STAT. ANN. § 2C:39-5(d); and third-degree possession of a controlled dangerous substance, N.J. STAT. ANN. § 2C:35-10(a)(1). (ECF No. 6-2).[1] "The proofs at trial showed defendant went to the home of his former girlfriend and shot the victim in front of her and one other witness." (ECF No. 6-2 at 1-2 (citing *State v. Mauleon*, No. A-5003-07 (N.J. Super. Ct. App. Div. Aug. 13, 2009), *certif. denied*, 985 A.2d 646 (N.J. 2009))). The trial court sentenced Petitioner to a twenty-year term of imprisonment with a seventeen-year period of parole ineligibility. (ECF No. 6-2 at 2). The Appellate Division affirmed the convictions but remanded for resentencing on direct appeal. (*Ibid.*). The New Jersey Supreme Court denied certification on December 16, 2009. *State v. Mauleon*, 985 A.2d 646 (N.J. 2009).

Petitioner was resentenced on October 23, 2009 to a fifteen-year term of imprisonment subject to a period of parole ineligibility under New Jersey's No Early Release Act, N.J. STAT. ANN. § 2C:43-7.2. (ECF No. 6-2 at 2). He appealed, and the Appellate Division affirmed the sentence on its excessive sentencing calendar on January 13, 2011. (*Ibid.*). Petitioner did not file a petition for certification from this appeal.

On September 19, 2014, Petitioner filed a post-conviction relief ("PCR") petition in the Law Division. (ECF No. 1 ¶ 11(a)(3)). According to the Appellate Division, the PCR court denied the petition as time-barred under New Jersey Court Rule 3:22-12(a) "because it was not filed within five years of the entry of defendant's original judgment of conviction on February 1, 2008, and defendant failed to demonstrate an entitlement to relief from the time-bar as required

---

[1] The facts are derived from the New Jersey Superior Court Appellate Division's order denying Petitioner's post-conviction relief ("PCR") petition. (ECF No. 6-2). *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.").

2

under the Rule." (ECF No. 6-2 at 3). The PCR court also denied Petitioner's ineffective assistance of counsel claims on the merits. (*Ibid.*). On January 26, 2017, the Appellate Division affirmed the PCR court's decision on the merits of the Petitioner's ineffective assistance of counsel claim and stated that it was "unnecessary to consider defendant's argument that the court erred by finding his petition was time –barred under Rule 3:22-12." (ECF No. 6-2 at 6). The New Jersey Supreme Court denied certification on March 21, 2017. (ECF No. 1 ¶ 11(d)).

Petitioner submitted his § 2254 petition on April 27, 2017. (ECF No. 1). The Court ordered Respondent to answer or move to dismiss the petition on timeliness grounds. (ECF No. 4). Respondent filed the instant motion to dismiss on September 27, 2017, arguing the petition was filed after the one-year statute of limitations expired. (ECF No. 6). Petitioner did not file a response to the motion.[2]

### III. ANALYSIS

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Under § 2244(d)(1), the limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Respondent sent a letter to the Court indicating the answer had been returned in the mail and that a new copy of the answer had been sent to Petitioner at his new address. (ECF No. 7). Petitioner should note that it is his responsibility to keep the Court informed as to any change in address. Local Civ. R. 10.1.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's direct review concluded after the Appellate Division affirmed his new sentence on January 13, 2011. Giving Petitioner the benefit of the twenty days in which he had to petition the New Jersey Supreme Court for certification and the ninety days in which he could have petitioned for review by the United States Supreme Court, Petitioner's direct review concluded at the very latest on May 3, 2011. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("[T]he judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court . . . expires."); *see also* Sup. Ct. R. 13.1; N.J. Ct. R. 2:12-3(a). Therefore, May 4, 2011 was the day the AEDPA statute of limitations began to run, and Petitioner had until May 4, 2012 to file a timely § 2254 petition.

AEDPA's one-year statute of limitations is subject to statutory tolling during the pendency of any properly filed state post-conviction relief petition. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Petitioner is not entitled to statutory tolling because the AEDPA limitations period expired on May 4, 2012, long before Petitioner filed his PCR petition on September 19, 2014. Therefore, the petition is untimely under AEDPA and must be dismissed as untimely unless there is a basis for the application of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding AEDPA's statute of limitations is subject to equitable tolling in appropriate cases).

4

"There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner must establish both elements in order to be entitled to equitable tolling. *See Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) ("[W]e have expressly characterized equitable tolling's two components as 'elements,' not merely factors of indeterminate or commensurable weight.").

Petitioner has not responded to the motion to dismiss. The Court will dismiss the petition, but will give Petitioner a 30-day period to submit arguments for equitable tolling of the statute of limitations in an abundance of caution. The Court will retain jurisdiction for that 30-day period and will reopen the matter in the event Petitioner submits his equitable tolling argument. The Court will dismiss the petition with prejudice if no argument for equitable tolling is received within that 30-day period.

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

## IV. CONCLUSION

For the reasons stated above, the habeas petition is dismissed as untimely, but the Court shall retain jurisdiction for a period of 30 days in order to afford Petitioner an opportunity to submit a detailed, written argument in favor of equitable tolling. A certificate of appealability shall not issue.

An accompanying Order will be entered.

6/27/18

_____
PETER G. SHERIDAN, U.S.D.J.